UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
                                                                    :
KENNETH SILVERS,                                                    :
                                                                    :
                                        Plaintiff,                  :
                                                                    :
                                                                    :         15-cv-6721 (KBF)
                        -v-                                         :
                                                                    :         MEMORANDUM
WELLS FARGO BANK, N.A.,                                             :         OPINION & ORDER
                                                                    :
                                        Defendant.                  :
                                                                    :
------------------------------------------------------------------ X

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: October 7, 2016 |

KATHERINE B. FORREST, District Judge:

        On August 25, 2015, plaintiff Kenneth Silvers ("plaintiff") brought this action

against defendant Wells Fargo Bank, N.A. ("defendant" or "Wells Fargo") alleging

violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621

et seq., and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law

§ 290 et seq.  Plaintiff's complaint alleges that he was discriminated against on the

basis of his age when he was terminated from his position as a Wells Fargo store

manager.  (Compl. ¶ 1.)  On June 30, 2016, defendant moved for summary judgment

pursuant to Fed. R. Civ. P.  56.  (ECF No. 22.)  For the following reasons,

defendant's motion for summary judgment is GRANTED.

I.      FACTUAL AND PROCEDURAL BACKGROUND

        The following facts are undisputed unless indicated otherwise.  The Court

discusses only facts directly relevant to the disposition of the motion for summary

judgment.

Plaintiff was hired by Wells Fargo as a Financial Specialist on July, 21 2009, (Def. Rule 56.1 Statement of Undisputed Material Facts ("Def. 56.1") ¶ 1, ECF No. 26.) He was 66 years old at the time of hiring. (See id. at ¶ 1.) Plaintiff was promoted to the position of Store Manager of the Croton, NY Wells Fargo store in October 2012. (Id. at ¶ 10.) He was 69 years old at the time of his promotion. (See Id. at ¶ 1.)

On June 7, 2013, a customer complained to plaintiff's supervisor, Miguel Vargas ("Vargas"), that plaintiff left him a voicemail that the customer found offense.[1] (Id. at ¶ 36.) As a result of this customer complaint, Wells Fargo conducted an investigation of the incident and Vargas issued plaintiff a "final warning." (Id. at ¶¶ 37, 38.)

In October 2013, one of plaintiff's direct reports lodged a formal complaint with Wells Fargo about plaintiff, alleging that the plaintiff had threatened her with corrective action based on fictitious performance standards. (Id. at ¶ 40.) Vargas investigated the allegation and determined that plaintiff improperly threatened the employee. (Id. at ¶ 41.) As a result, Vargas gave plaintiff another warning (Id. at ¶ 41; Pl. Ex. B, Vargas Tr. at 81.)

In May 2014, a customer complained that plaintiff attempted to lock her in a bank vault with him. (Def. 56.1 ¶ 43.) The customer stated that because of this incident she closed her accounts with Wells Fargo and moved her home equity

---

[1] The parties dispute whether plaintiff used profane language on the voicemail. The Court need not resolve that dispute for this motion but notes that plaintiff does not dispute the general content of the statement or that it was recorded on the customer's voicemail. (Plaintiff's Rule 56.1 Counterstatement ("Pl. 56.1") ¶ 36, ECF No. 30.)

loan.[2]  (Id.)  Vargas investigated the incident and recommended a formal warning. (Id. at ¶ 44; Pl. Ex. B., Vargas Tr. at 84-85).  Plaintiff alleges that this recommended warning was not actually given and that plaintiff received coaching from Vargas as a result of the incident. (Pl. 56.1 ¶ 44.)

Plaintiff alleges that in fall 2014, Vargas told plaintiff that Vargas was conducting staffing planning and asked whether plaintiff had any plans to retire. (Pl. 56.1 ¶ 76.)  Plaintiff alleges he told Vargas that he had no plans to retire.  (Id.) Plaintiff further alleges that Vargas then asked whether plaintiff had interest in stepping down as store manager, and plaintiff alleges that he told Vargas no.  (Pl. 56.1 ¶ 76.)[3]  Defendant admits that Vargas asked plaintiff if he wanted to return to the role of banker instead of store manager.  (Def. Resp. 56.1 ¶ 76.)

At the time of plaintiff's employment, the Wells Fargo Code of Conduct ("Code") and the Wells Fargo Handbook, Code and Sales Quality Manual ("Manual") prohibited opening unnecessary accounts; "gaming" accounts by, e.g., opening and closing them to increase sales numbers; self-funding customer accounts; and "pinning" debit cards without the customer being present. (Def. 56.1 ¶¶ 15, 16.) Additionally, the Wells Fargo policy provided that a non-resident alien customer must be present "face-to-face" at the store with proper identification before an account could be opened in his or her name.  (Id. at ¶¶ 21, 22.)   Wells Fargo policy

---

[2] Plaintiff denies that he attempted to lock the customer in the bank vault but does not deny the existence or content of the complaint.  (Pl. 56.1 ¶ 44.)

[3] Defendants deny that Vargas asked plaintiff about plaintiff's retirement plans. (Def. Response to Pl. Rule 56.1 Counterstatement ("Def. Resp. 56.1") ¶ 76, ECF No. 32.)

also provided that violations of the Code and Manual could result in employee discipline, included termination.  (Id. at ¶ 25.)

In September 2014, Wells Fargo conducted a Store Operations Control Review audit of plaintiff's store.  (Id. at ¶ 48.)  Plaintiff's store failed this audit.  (Id. at ¶ 49.)  Plaintiff was notified that he was responsible for correcting deficiencies found in the audit.  (Id. at ¶ 51.)  In December 2014, a customer complained to Wells Fargo that plaintiff had tried to convince the customer to close existing accounts and open new accounts to increase sales.  (Def. 56.1 ¶ 45.)  On January 6, 2015, a Wells Fargo employee conducted a follow-up review of plaintiff's store and reported that many of the issues identified in the September 2014 audit had not been corrected.  (Def. 56.1 ¶ 52.)  The report also noted apparently improper opening and closing of customer accounts serviced by a banker, Stefan Rosenthal ("Rosenthal"), who reported directly to plaintiff.  (Id. ¶ 54.)  This led to an additional investigation of plaintiff's store, which revealed that between October 2014 and January 2015 Rosenthal and another banker reporting directly to plaintiff, Talat Kakar ("Kakar"), opened and closed customer accounts without signatures and without customers present, and pinned debit cards without customers present.  (Id. at ¶¶ 56-60.)

In January 2015, plaintiff expressly authorized Kakar to open an account for a non-resident alien who did not appear in person to provide identification or to personally authorize the opening of the account.  (Def. 56.1 ¶¶ 63, 67.)  The account

was funded by Kakar and not the individual in whose name the account had been opened.  (Def. 56.1 ¶ 63.)

On January 22, 2015, Kakar and Rosenthal were terminated by Vargas for violations of Wells Fargo policy.  (Def. 56.1 ¶ 71.)  The same day plaintiff was also terminated and was informed that his termination was due to violations of Wells Fargo policy.  (Id. at ¶ 73.)  On this date Rosenthal was 30 years old, Kakar was 46 years old, and plaintiff was 71 years old.  (See id. at ¶ 54; see Pl. 56.1 ¶ 1.).  Vargas also provided a letter to plaintiff stating that the reason for his termination was "Violation of Company Policies."  (Id. at ¶ 78.)  Vargas later testified that he made the decision to terminate plaintiff because plaintiff failed to ensure that company policies regarding the opening of customer accounts were followed.  (Id. at ¶ 73.)

At no point prior to his termination did plaintiff complain to anyone within Wells Fargo that he was being discriminated against on the basis of age, or that anyone made age-related comments to him.  (Id. at ¶ 80.)  Plaintiff never contacted the Wells Fargo internal hotline to complain about age discrimination or any age-related comments.  (Id. ¶ 81.)

On August 15, 2015, plaintiff initiated this action.  (ECF No. 1.)  Defendant answered on October 9, 2015. (ECF No. 9.)  Following completion of discovery, the defendant filed a motion for summary judgment.  (ECF No. 23.)

II.     LEGAL PRINCIPLES

A. Legal Standard for Summary Judgment.

Summary judgment may only be granted if the movant demonstrates, based on admissible evidence in the record, "that there is no genuine dispute at to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The movant bears the burden of "demonstrat[ing] the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Material facts are "facts that might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (stating that the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts").

In deciding whether to grant summary judgment, the Court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor." Dickerson v. Napolitano, 604 F.3d 732, 740 (2d Cir. 2010).  Once the movant has asserted facts to support the conclusion that the non-movant's claims cannot be sustained, the non-movant must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e).  "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," because "[m]ere conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist." Hicks v. Baines, 593 F.3d 159, 166 (2d

6

Cir.2010) (citations omitted).  Summary judgment may be "appropriate even in the fact-intensive context of discrimination cases." Abdu-Brisson v. Delta Air Lines, 239 F.3d 456, 466 (2d Cir.2001), cert. denied, 534 U.S. 993 (2001).

B. ADEA and NYSHRL claims

The ADEA makes it "unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age[.]"  29 U.S.C. § 623(a)(1).  The NYSHRL prohibits an employer from "discharge[ing] from employment [an] individual" "because of an individual's age[.]"  N.Y. Exec. Law. § 296(1)(a).  Under both the ADEA and the NYSHRL, plaintiff must raise a triable issue that his or her age was the "'but for' cause of the challenged adverse employment action' and not just a contributing or motivating factor" in order to survive summary judgment.  Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 176 (2009)); Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 106 (2d Cir.2010) (applying the but-for causation requirement to the NYSHRL).

The plaintiff "presents no direct evidence of discriminatory intent based on age." Woodman v. WWOR-TV, Inc., 551 F.3d 69, 76 (2d Cir. 2005).  The Court therefore evaluates plaintiff's ADEA claim under the three-step burden shifting analysis set forth by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); see Bucalo v. Shelter Island Union Free Sch. Dist., 691 F.3d 119, 129 (2d Cir. 2012) ("This [burden-shifting] framework, which was developed in the context of claims for discrimination under Title VII, applies to claims of age

discrimination under the ADEA[.]").  Under <u>McDonnell Douglas</u>, a plaintiff must first establish a prima facie case of discrimination by "show[ing] (1) that she was within a protected group; (2) that she was qualified for her position; (3) that she suffered an adverse employment action; and (4) that such action occurred under circumstances giving rise to an inference of discrimination."  <u>Gorzynski</u>, 596 F.3d at 107.  If the plaintiff can produce facts in support of these elements, the burden of production shifts to the defendant to "articulate some legitimate, nondiscriminatory reason" for the adverse employment action.  <u>Leibowitz v. Cornell Univ.</u>, 584 F.3d 487, 499 (2d Cir.2009) (internal quotation marks omitted).  "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff."  <u>Tex. Dep't of Cmty, Affairs v. Burdine</u>, 450 U.S. 248, 253 (1981).

Once a defendant has carried his or her burden, a plaintiff must then raise a triable issue of fact as to whether defendant's "legitimate, nondiscriminatory reason" for the adverse employment action was merely pretextual.  <u>McDonnell Douglas</u>, 411 U.S. at 802.  For ADEA and NYSHRL claims, a plaintiff on this step of the analysis "retains the burden of persuasion to establish that age was the 'but for' cause of the employer's adverse action."  <u>Gross v. FBL Fin. Servs., Inc.</u>, 557 U.S. 167, 177 (2009); <u>see also</u> <u>Fried v. LVI Servs., Inc.</u>, 500 F. App'x 39, 41 (2d Cir. Oct. 15, 2012) (holding that a plaintiff failed to overcome summary judgment on his ADEA and NYSHRL claims because "the third step of analysis required [plaintiff] to show more than possible age bias; he was required to adduce sufficient evidence

to permit a reasonable jury to find that 'but for' defendants' age bias, he would not have been terminated."). To meet his burden, a plaintiff cannot merely proffer facts supporting an inference that his or her age was one possible motive among others. Gross, 557 U.S. at 175 (explaining that the ADEA "does not" "authorize[] a mix-motives age discrimination claim"). Rather, the facts must support an inference that plaintiff would not have been terminated in the absence of the bias. Id. at 176. If the plaintiff cannot produce facts sufficient meet the "but-for" motive requirement from Gross, the defendant is entitled to summary judgment. See, e.g., Delaney v. Bank of Am. Corp., 766 F.3d 163, 170 (2d Cir. 2014) (affirming summary judgment for defendant when an ADEA plaintiff's "allegations d[id] not suffice to create a genuine issue of fact as to whether his age was the but-for cause of his termination").

III.   ANALYSIS

    Plaintiff asserts two claims: (1) age discrimination under the ADEA, and (2) age discrimination under the NYSHRL. Neither of these claims survives. Plaintiff offers no facts apart from the happenstance of his age that support an inference of discrimination and therefore has failed to raise a triable issue supporting a prima facie case of age discrimination. Moreover, even if plaintiff made out a prima facie case of age discrimination, in light of the voluminous, undisputed facts supporting defendant's stated reason for plaintiff's termination—that he repeatedly violated Wells Fargo company policy—plaintiff has failed to raise a triable issue on the question of pretext.

A.      Plaintiff does put forth a prima facie case of age discrimination

Plaintiff raises no triable issue of material fact as to whether defendant discriminated against him on the basis of age.  As the Court must resolve "all factual inferences . . . in favor of the nonmovant" when facts are disputed, Danzer v. Norden Sys., Inc., 151 F.3d 50, 54 (2d Cir. 1998), the Court assumes for the sake of summary judgment that Vargas did ask, months before his termination, whether he had plans for retirement or had interest in stepping down from management. Standing alone, this fact does not support an inference of age discrimination.  At best, the alleged remarks occurred months before the termination decision, the content of the alleged remarks did not indicate that Vargas actively encouraged plaintiff to retire or evinced concern about his age, and the context of the remark was not related to the decision-making process about plaintiff's termination.  Henry v. Wyeth Pharm., Inc., 626 F.3d 134, 149 (2d Cir. 2010) ("In determining whether a remark is probative, [district courts] consider[] four factors: (1) who made the remark (i.e., a decision-maker, a supervisor, or a low-level co-worker); (2) when the remark was made in relation to the employment decision at issue; (3) the content of the remark (i.e., whether a reasonable juror could view the remark as discriminatory); and (4) the context in which the remark was made (i.e., whether it was related to the decision-making process.)"); Tomassi v. Insignia Fin. Grp., Inc., 478 F.3d 111, 115 (2d Cir. 2007) ("[T]he closer the remark's relation to the allegedly discriminatory behavior, the more probative that remark will be."); Monte v. Ernst & Young LLP, 148 F. App'x 43, 45 (2d Cir. Sept. 7, 2005) ("With little evidence

10

beyond the few stray remarks unrelated to the termination decision . . . a reasonable factfinder could not conclude that age or national origin was the real reason for [plaintiff's] termination."); c.f. Carlton v. Mystic Tranps., Inc., 202 F.3d 129, 136 (2d Cir. 2000) (holding that plaintiff made out a prima facie case of age discrimination when plaintiff was replaced by two younger employees and told "during the meeting regarding his termination, that he should retire").

While a plaintiff may "rely on the cumulative weight of circumstantial evidence" to make out a prima facie case, Luciano v. Olsten Corp., 110 F.3d 210, 215 (2d Cir. 1997), plaintiff's allegations, in the context of all the undisputed facts and drawing any supportable inferences in his favor, do not support a prima facie case of age discrimination.  Plaintiff admits that he did not report any discriminatory comments or treatment prior to his termination that would support an inference that age discrimination was a necessary cause of his termination.  (Pl. 56.1 ¶¶ 80-81.)  Vargas's alleged inquiry into plaintiff's retirement plans or interest in leaving management are too attenuated from the termination in time and too distant from discrimination in content.[4]  Plaintiff therefore does not produce sufficient facts supporting a causal connection between his age and his termination to make out a prima facie case of age discrimination.

---

[4] It cannot be the case that, without facts suggestive of discrimination, the ADEA and the NYSHRL prohibit employers from planning for the future based on when current employees intend to retire. Courts have upheld claims when an employer's encouragement of an employee to retire, in the context of other factors, raises an inference of unlawful discrimination.  See, e.g., Carlton, 202 F.3d at 136.

B.   <u>Plaintiff does not produce sufficient evidence that defendant's stated reason for termination was pretextual</u>

Even if plaintiff did put forward a prima facie case of age discrimination, his claim would fail under step three of the <u>McDonnell Douglas</u> burden-shifting framework. <u>McDonnell Douglas</u>, 411 U.S. at 802. To meet his or her burden, "a plaintiff must show that there is a triable issue of fact as to whether (1) the employer's asserted reason for discharge is false or unworthy of belief and (2) more likely than not the employee's age was the real reason for the discharge." <u>Woroski v. Nashua Corp.</u>, 31 F.3d 105, 108-09 (2d Cir. 1994). As the Supreme Court made clear in <u>Gross</u>, an ADEA plaintiff "must prove that age was the 'but-for' cause of the employer's adverse decision," 557 U.S. at 176, and to survive summary judgment plaintiff must therefore raise a triable issue of fact as to whether age was a but-for cause of his termination. Plaintiff's lack of evidence as to age discrimination in connection with his termination, combined with the defendant's substantial unrebutted reasons for termination, fail to raise a triable issue of fact under <u>Gross</u>.

Defendant informed plaintiff that he was terminated for violations of company policies. (Def. 56.1 ¶ 78.) Defendant offers a trove of undisputed facts to support their allegations that prior to his termination, plaintiff repeatedly personally violated or condoned violations of Wells Fargo company policy regarding the treatment of customers and the opening of accounts. Under these facts, plaintiff's termination was "fully consistent with the conduct of non-discriminatory business affairs." <u>Viola v. Philips Med. Sys. of N. Am.</u>, 42 F.3d 712, 717 (2d Cir. 1994). Plaintiff does not dispute these facts, nor does he set forth facts indicating

12

defendant's stated reasons presented "weaknesses, implausibilities, inconsistencies, or contradictions." Zann Kwan v. The Andalex Grp. LLC, 737 F.3d 834, 846 (2013). Plaintiff appears to misunderstand the term "inconsistent;" at most, plaintiff's facts support the conclusion that defendants offered consistent and non-contradictory reasons regarding plaintiff's violations of company policy, which were multiple and varied across different provisions of the Wells Fargo Code and Manual.

It is also undisputed that the bankers who engaged in company policy violations under plaintiff's management were terminated the same day as plaintiff; that both of these bankers were significantly younger than plaintiff; and that one of the bankers, Rosenthal, was only 30 years old on the date of his and plaintiff's termination. (See Def. 56.1 ¶¶ 71-73; Pl. 56.1 ¶ 1.) These undisputed facts support the inference that plaintiff's termination was motivated by the repeated violations of company policy that occurred under plaintiff's management. Failure to rebut these facts requires dismissal on summary judgment.

Finally, even if plaintiff had successfully proffered evidence that his termination was motivated at least in part by age discrimination, this is still insufficient to survive a motion to dismiss. In Gross the Supreme Court made clear that mixed-motive analysis does not apply to age discrimination claims; instead, "'a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action' and not just a contributing or motivating factor." Gorzynski, 569 F.3d at 106 (quoting Gross, 557 at 180). Given the

13

undisputed facts about complaints from customers and employees against plaintiff, his store's failed audit and his subsequent failure to correct deficiencies identified in the audit, the violations of Wells Fargo policy among his direct reports, and the fact that one of the bankers terminated on the same day as plaintiff for related reasons was the exact age of the branch manager hired as plaintiff's replacement, no reasonable jury could infer that plaintiff's age was the but-for cause of his termination.

Because plaintiff has raised a triable issue, the motion for summary judgment must be granted.  See <u>McDonnell Douglas</u>, 411 U.S. at 802.

IV.   CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is hereby GRANTED.  The Clerk of Court is directed to enter judgment for the defendant and to terminate this matter.


Dated:      New York, New York
            October 7, 2016


_____
      KATHERINE B. FORREST
      United States District Judge

14